UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RACHANABAN RAJESHLUMAR SHAH, MANASVI RAJESHKUMAR SHAH and RAJESHKUMAR BIHARILAL SHAH<br><br>A2-401 Manglamarval<br>Near Uma Vidhhyalay<br>Tarsali, Vadodara District, Gujarat, India<br>390009<br><br>Plaintiffs<br><br>- Against -<br><br>MIKE HANKEY, in his official capacity as U.S. CONSUL GENERAL, MUMBAI<br>c/o The Executive Office,<br>Office of the Legal Adviser, Suite 5.600,<br>600 191 Street NW., Washington DC 20522<br><br>Defendant | CASE NO.<br><br>COMPLAINT |

## DESCRIPTION OF ACTION

1. This is an action brought by the plaintiffs, a family of investment based immigrant visa applicants, against the defendant MIKE HANKEY, in his official capacity as U.S. CONSUL GENERAL, MUMBAI, to compel a decision on their applications for immigrant visa which has been pending with the defendant (or his predecessor(s)) for over four years.

## JURISDICTION

2. This being a civil action against the United States arising under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## DESCRIPTION OF PARTIES

3. The plaintiffs, RACHANABAN RAJESHLUMAR SHAH, MANASVI RAJESHKUMAR SHAH and RAJESHKUMAR BIHARILAL SHAH, are all citizens, nationals and resident of India, whose application for immigrant visas has been pending with the defendant (or his predecessor(s)) for over four years.

4. The defendant, MIKE HANKEY, the U.S. CONSUL GENERAL, MUMBAI, who is being sued in that official capacity, is a U.S. citizen, and resides, for official purposes, in Mumbai, India.

## BRIEF STATEMENT OF RELEVANT FACTS

5. RACHANABAN RAJESHLUMAR SHAH is the beneficiary of approved petition to classify him as a qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership)—(i)in which such immigrant has invested (after November 29, 1990) or, is actively in the process of investing, capital in an amount not less than the amount specified in subparagraph 8 U.S.C. §

1153(B)(5) (C) (as it existed on December 8, 2016) and which is expected to remain invested for not less than 2 years and which will benefit the United States economy by creating full-time employment for not fewer than 10 United States citizens, United States nationals, or aliens lawfully admitted for permanent residence or other immigrants lawfully authorized to be employed in the United States (other than the immigrant and the immigrant's spouse, sons, or daughters).

6. MANASVI RAJESHKUMAR SHAH is RACHANABAN RAJESHLUMAR SHAH's spouse and RAJESHKUMAR BIHARILAL SHAH is his child.

7. Both MANASVI RAJESHKUMAR SHAH and RAJESHKUMAR BIHARILAL SHAH are eligible to accompany RACHANABAN RAJESHLUMAR SHAH in immigrating to the United States under 8 U.S.C. § 1153(d).

8. The plaintiffs' immigrant visa application have been pending with the defendant or his predecessors since approximately November, 2018.

9. In February, 2019, plaintiffs were interviewed for a visas.

10. Despite numerous follow up requests having been made regarding the status of their applications, there is no indication that the defendant intends to adjudicate them in the foreseeable future.

## COUNT I

THE DEFENDANT HAS BREACHED ITS DUTY TO THE PLAINTIFFS TO MAKE A FINAL DECISION ON THEIR IMMIGRANT VISA APPLICATIONS WITHIN A REASONABLE TIME.

11. The defendant is a consular officer of the United States Department of State,

an agency of the United States government.

12. The defendant owes a duty to the plaintiffs to make a decision regarding their immigrant visa application within a reasonable period of time after they were filed with him or his predecessor. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

13. "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, …". 8 U.S.C. § 1571(b).

14. The time in which the plaintiffs' application have been pending with the defendant and/or his predecessor(s) is well beyond the time which is reasonably required to adjudicate them, as evidenced by the fact that, upon information and belief, numerous immigrant visa applications filed with this consular officer or predecessor(s) after those of the plaintiffs, have already been adjudicated.

15. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the plaintiffs.

16. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

<u>RELIEF REQUESTED</u>

WHEREFORE it is respectfully requested that the Court find that an adjudication

of plaintiffs' applications for an immigrant visa to have been unreasonably delayed and compel the defendant to adjudicate the plaintiffs' immigrant visa application in no more than 30 days from the date of the Court's order, and to take such other action as it deems appropriate.

Dated this   9th day of March, 2023


s/ *Michael E. Piston*
Michael E. Piston MI 002
Attorney for the Plaintiffs
Attorney at Law
38-08 Union St., Suite 9A
Flushing, NY 11354
(646) 876-3772
Fx: 206-770-6350